## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN RE DIET DRUGS (Phentermine/Fenfluramine/ Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | MDL No. 1203 |
| CYNTHIA ACOSTA, et al. | ) ) ) | |
| V. | ) ) | CIVIL ACTION NO. 02-20143 |
| AMERICAN HOME PRODUCTS CORPORATION, et al. | ) ) ) | |

### WYETH'S REPLY TO PLAINTIFF'S RESPONSE TO WYETH'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND PRETRIAL ORDER NO. 1415 AS AGAINST PLAINTIFF CHARLEEN MAR

### INTRODUCTION

In reply to Plaintiff's Response to Wyeth's Motion to Enforce the Settlement Agreement and Pretrial Order No. 1415 As Against Plaintiff Charleen Mar, Wyeth respectfully avers that Plaintiff's position is without merit, for the following reasons: (1) Plaintiff's response is untimely; (2) Plaintiff's response does not contest the substance of Wyeth's motion; (3) Plaintiff's counsel assured this Court that they would dismiss Ms. Mar's claims before they sought to withdraw from her representation; and (4) Plaintiff's counsel are still counsel of record.

## ARGUMENT

**1.  Plaintiff's response is untimely and Wyeth's motion to enforce the Settlement Agreement and PTO 1415 should be treated as unopposed.**

Under local rule 7.1(c), a party opposing a motion has fourteen (14) days within which to oppose such motion.  Plaintiff filed her response seventy-six (76) days after Wyeth filed and served its motion.  In the absence of a timely response, the Court may treat the motion as unopposed.  L. R. Civ. P. 7.1(c).

**2.  Plaintiff's response does not contest the substance of Wyeth's motion and rests solely on the argument that counsels' motion to withdraw vitiates their responsibility to act as Plaintiff's counsel.**

As detailed in Wyeth's motion, Ms. Mar accepted the Accelerated Implementation Option and signed a covenant not to sue.  Plaintiff's response does not contest the substance of Wyeth's motion.

**3.  Plaintiff's counsel assured this Court that they would dismiss Plaintiff's claims before moving to withdraw.**

On November 19, 2003, one of Ms. Mar's lawyers – Tom Pirtle – told this Court that he would dismiss her claim by the January, 2004 status conference.  *See* Wyeth's motion, at 3.  It was not until March 31, 2004 that the Court received Plaintiff's counsels' motion to withdraw as counsel of record.  *See* Docket report for *Cynthia Acosta, et al. v. AHPC, et al.* ("Docket report"), attached as exhibit 1.  These facts are undisputed in Plaintiff's papers.  *See* Plaintiff's response.  Plaintiff seeks to undo this promised dismissal – a promise that induced Wyeth to withdraw a motion to dismiss Ms. Mar and fifty additional plaintiffs, which was then pending before the Court – by this attempted

withdrawal.  *See* Transcript of November 19 2003 Status Conference, at 10-12, attached as exhibit 2.

### 4. Plaintiff's counsel are still counsel of record.

Under local rule 5.1(c), "[a]n attorney's appearance cannot be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." L. R. Civ. P. 5.1(c).  As Plaintiff's counsel acknowledge, the Court has not granted their motion to withdraw.  Plaintiff's response, at 1.  And no alternate counsel has entered an appearance on Ms. Mar's behalf to this day, much less back when counsel moved to withdraw.  *See* Docket report.  Accordingly, Plaintiff's counsel remain her counsel of record.  L. R. Civ. P. 5.1(c).  *See also* La. Rules of Prof'l Conduct R. 1.16(c) ("A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation."), attached as exhibit 3.

## CONCLUSION

For all the reasons set forth herein and in Wyeth's Motion to Enforce the

Settlement Agreement and Pretrial Order No. 1415 As Against Plaintiff Charleen Mar,

Wyeth's motion should be granted, and Plaintiff's claims should be dismissed with

prejudice.

Respectfully submitted,

Thomas W. Stoever, Jr.
Michael A. Rollin
ARNOLD & PORTER LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
(303) 863-1000

*Attorneys for Defendant*
*Wyeth*

Dated:  August 6, 2004

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Reply to Plaintiff's Response to Wyeth's Motion to Enforce the Settlement Agreement and Pretrial Order No. 1415 As Against Plaintiff Charleen Mar was filed electronically on the 6th day of August, 2004 and is available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.

I further certify that a true and correct copy of the foregoing Reply to Plaintiff's Response to Wyeth's Motion to Enforce the Settlement Agreement and Pretrial Order No. 1415 As Against Plaintiff Charleen Mar was served on all counsel of record in this matter by Federal Express, and all persons to whom service is required under PTO 19 by first-class, United States mail.

/S/ Michael A. Rollin

MAR 8704