# EXHIBIT 1

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
### CIVIL DOCKET FOR CASE #: 2:02-cv-20143-HB

ACOSTA et al v. AMERICAN HOME PRODUCTS CORPORATION
Assigned to: HONORABLE HARVEY BARTLE III
Cause: 28:1332 Diversity-Product Liability

Date Filed: 07/01/2002
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

**Plaintiff**
-----------------------

CYNTHIA ACOSTA    represented by    **DARLEEN MARIE JACOBS**
JACOBS & SARRAT
823 ST. LOUIS ST.
NEW ORLEANS, LA 70112
504-522-0155
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MARK PHILIP GLAGO**
HARVEY JACOBSON & GLAGO, APLC
2609 CANAL ST
5TH FL
NEW ORLEANS, LA 70119
504-822-2136
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**RICHARD N. LAMINACK**
O'QUINN LAMINACK & PIRTLE
440 LOUISIANA ST
STE 2300 LYRIC CTR BLDG
HOUSTON, TX 77002-4205
713-223-1000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ROBERT G. HARVEY, SR.**
HARVEY JACOBSON & GLAGO, APLC
2609 CANAL ST

|  |  |
|---|---|
|  | **MARK PHILIP GLAGO**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**RICHARD N. LAMINACK**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**ROBERT G. HARVEY, SR.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**TAMARA KLUGER JACOBSON**<br><br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**THOMAS WAYNE PIRTLE**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **CHARLEEN MAR** represented by | **DARLEEN MARIE JACOBS**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**MARK PHILIP GLAGO**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**RICHARD N. LAMINACK**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**ROBERT G. HARVEY, SR.**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

|  |  | **TAMARA KLUGER JACOBSON** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
|---|---|---|
|  |  | **THOMAS WAYNE PIRTLE** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
|  |  | **REBECCA M. URRUTIA** O'QUINN LAMINACK & PIRTLE 440 LOUISIANA SUITE 2300 HOUSTON, TX 77002 713-236-2677 *ATTORNEY TO BE NOTICED* |
| **DONALD MAYEAUX** *TERMINATED: 08/04/2004* | represented by | **DARLEEN MARIE JACOBS** (See above for address) *LEAD ATTORNEY* |
|  |  | **MARK PHILIP GLAGO** (See above for address) *LEAD ATTORNEY* |
|  |  | **RICHARD N. LAMINACK** (See above for address) *LEAD ATTORNEY* |
|  |  | **ROBERT G. HARVEY, SR.** (See above for address) *LEAD ATTORNEY* |
|  |  | **TAMARA KLUGER JACOBSON** (See above for address) *LEAD ATTORNEY* |
|  |  | **THOMAS WAYNE PIRTLE** (See above for address) *LEAD ATTORNEY* |
| **DANITA MCDANIEL** | represented by | **DARLEEN MARIE JACOBS** |

| | |
|---|---|
| **WYETH-AYERST LABORATORIES COMPANY,** *INCORRECTLY SUED AS WYETH LABORATORIES COMPANY* | represented by **HENRI WOLBRETTE, III** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* <br><br> **KATHLEEN ANN MANNING** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* <br><br> **MINDY BRICKMAN PATRON** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

V.

**Movant**
-----------------------

| | |
|---|---|
| **SAIA MOTOR FREIGHT LINE, INC.** | represented by **ANNE MARIE VANDENWEGHE** OSTENDORF TATE BARNETT & WELLS LLP 650 POYDRAS STREET SUITE 1460 NEW ORLEANS, LA 70130 504-527-0700 *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 07/01/2002 | 1 | Original record together with certified copy of docket entries received from District of LOUISIANA (NEW ORLEANS), 02-74. (iy, ) (Entered: 07/08/2002) |
| 07/29/2002 | 2 | MOTION BY SMITHKLINE BEECHAM CORPORATION [dft] TO SUBSTITUTE COUNSEL, CERTIFICATE OF SERVICE. SEE ORIGINAL PP#203137 IN MDL 12-1203. (sc, ) Additional attachment(s) added on 8/9/2002 (sc, ). (Entered: 08/01/2002) |
| 08/07/2002 | 3 | ORDER THAT CHARLES M. STEEN IS ENROLLED AS |

| | | |
|---|---|---|
| | | COUNSEL OF RECORD FOR SMITHKLINE BEECHAM CORP., AND STEPHANIE G. MCSHANE IS DELETED AS COUNSEL OF RECORD FOR SMITHKLINE BEECHAM CORP. SEE ORIGINAL PP#102750 IN MDL 11-1203. SIGNED BY JUDGE HARVEY BARTLE III ON 8/7/02. 8/8/02 ENTERED AND COPIES MAILED AND FAXED.(sc, ) (Entered: 08/08/2002) |
| 10/27/2003 | 4 | PLAINTIFFS' supplemental response to Wyeth's motion challenging Plffs' eligibility to sue in 71 cases where medical eligibility is based on echocardiogram readings by Dr. William Shell, certificate of service. See pp#204347 in MDL 12-1203. (sc, ) (Entered: 10/28/2003) |
| 03/01/2004 | 5 | MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR ROBERT G. HARVEY, SR. FILED BY PAMELA DANOS.CERTIFICATE OF SERVICE. (SEE PAPER # 205093 IN 12-MD-1203). (tjd, ) Additional attachment(s) added on 3/2/2004 (tjd, ). (Entered: 03/02/2004) |
| 03/01/2004 | 6 | MOTION TO DISMISS WITHOUT PREJUDICE FILED BY SUSAN BONCK.CERTIFICATE OF SERVICE. (SEE PAPER # 205094 IN 12-MD-1203).(tjd, ) (Entered: 03/02/2004) |
| 03/12/2004 | 7 | RESPONSE to Motion re 5 MOTION to Withdraw as Attorney *Wyeth's Response to Robert G. Harvey, Sr., Jacobs & Sarrat, and O'Quinn, Laminack & Pirtle's Motion to Withdraw as Counsel of Record* filed by AMERICAN HOME PRODUCTS CORPORATION, Certificate of Service. (KERRIGAN, PAUL) Modified on 3/15/2004 (fh) (Entered: 03/12/2004) |
| 03/22/2004 | 8 | MOTION BY SAIA MOTOR FREIGHT LINE, INC., FOR LEAVE TO FILE A PETITION FOR INTERVENTION,CERTIFICATE OF SERVICE. SEE PP#205217 IN MDL 12-1203.(sc, ) (Entered: 03/22/2004) |
| 03/29/2004 | 9 | ANSWER to Complaint by MEVEDA PHARMACEUTICALS, INC., certificate of service.(sc, ) (Entered: 03/29/2004) |
| 03/31/2004 | 10 | MOTION TO WITHDRAW AS COUNSEL OF RECORD FILED BY CHARLEEN MAR.CERTIFICATE OF SERVICE, PROPOSED ORDER. (SEE PAPER # 205287 IN 12-MD-1203). (tjd, ) (Entered: 03/31/2004) |
| | | |

| | | |
|---|---|---|
| 05/21/2004 | 11 | WYETH'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AND PRETRIAL ORDER NO. 1415 AS AGAINST PLAINTIFF *Charleen Mar*, Memorandum, Proposed Order, and Certificate of Service. (Attachments: # 1 Exhibit Exhibits A through C)(ROLLIN, MICHAEL) Modified on 5/24/2004 (fh) (Entered: 05/21/2004) |
| 06/18/2004 | 12 | PRETRIAL ORDER NO. 3642 THAT, PURSUANT TO AGREEMENT OF COUNSEL, ALL CLAIMS OF PLFF JACQUELINE SCOTT ARE DISMISSED WITH PREJUDICE AND WITHOUT COSTS AS TO ALL NAMED DEFTS. SEE PP#104076 IN MDL 11-1203. SIGNED BY JUDGE HARVEY BARTLE III. 6/21/04 ENTERED AND COPIES MAILED AND FAXED.(sc, ) Modified on 6/21/2004 (sc, ). (Entered: 06/21/2004) |
| 08/04/2004 | 13 | PRETRIAL ORDER NO. 3785 THAT PURSUANT TO RULE 41.1(b) OF THE LOCAL RULES OF CIVIL PROCEDURE OF THIS COURT AND THE AGREEMENT OF COUNSEL, ALL CLAIMS OF PLAINTIFFS LISA CHARLES, DARLENE COLEMAN, JACQUELYN DURAND, TONYA FAVA, DONALD MAYEAUX, MARTHA NED, LINDA PETTICREW, AND JANELL RUSHING IN THE ABOVE-CAPTIONED ACTION ARE DISMISSED WITH PREJUDICE AND WITHOUT COSTS AS TO ALL NAMED DEFENDANTS. SIGNED BY JUDGE HARVEY BARTLE III ON 08/04/04;. 08/04/04 ENTERED AND COPIES MAILED AND FAXED. (SEE PAPER # 104247 IN 11-MD-1203). (tjd, ) (Entered: 08/04/2004) |
| 08/05/2004 | 14 | RESPONSE to Motion re 11 MOTION to Enforce the Settlement Agreement and PTO 1415 Against Plaintiff Charleen Mar filed by PLAINTIFF CHARLEEN MAR. Certificate of Service, Exhibits. (See Paper # 206201 in 12-md-1203). (tjd, ) (Entered: 08/05/2004) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 08/06/2004 14:52:52 |

# EXHIBIT 2

**Page 9**

```
 1    (CONTINUED APPEARANCES)
 2    C. DEHART, ESQUIRE
 3    COUNSEL FOR CLAIMANTS
 4    TOM WALLERSTEIN, ESQUIRE
      HANGLEY ARONCHICK
 5    ONE LOGAN SQUARE, 27TH FLOOR
 6    R. ARAGON, ESQUIRE
      MCKENNA LONG
 7    1900 K STREET, NW, SUITE 100
      WASHINGTON, DC 20006
 8
      COUNSEL FOR EON LABS
 9
      TONYA L. MELNICHENKI, ESQUIRE
10    FRANK AZAR & ASSOCIATES
      14426 EAST EVANS AVENUE
11    AURORA, CA 80014
12    COUNSEL FOR CLAIMANTS
```

**Page 10**

 1    (1:00 P.M.)
 2    (THE CLERK OPENS COURT.)
 3    THE COURT: Good afternoon. You may be
 4    seated.
 5    The first item on the agenda this afternoon
 6    is the motion of Wyeth challenging the eligibility of
 7    certain plaintiffs based on the echocardiogram readings
 8    of Dr. William Shell. Mr. Zimroth.
 9    MR. ZIMROTH: Good morning, Your Honor.
10    THE COURT: Will we be talking about 71 or
11    51?
12    MR. ZIMROTH: Well, actually, there are
13    three groups of claimants here, Your Honor. There is a
14    group of 50, in which there are no contested factual
15    issues. Up until about 15 minutes ago, the only issue
16    was relief. I will tell you that in the hallway Mr.
17    Pirtle said that he was going to dismiss those 50 cases
18    so I don't need to give my argument about those.
19    THE COURT: Is Mr. Pirtle here I assume?
20    MR. PIRTLE: Yes, Your Honor.
21    THE COURT: Is that agreeable, Mr. Pirtle,
22    just for the record, you are going to dismiss those 50?
23    MR. PIRTLE: For the record, I want to talk
24    to you about it after he sits down but the answer is
25    yes.

**Page 11**

 1    THE COURT: All right.
 2    MR. ZIMROTH: And then we are left with 21
 3    others. One of those was an AIO that Mr. Pirtle in the
 4    telephone conference said was going to be dismissed. I
 5    don't think it has been yet but I just don't think
 6    there is going to be --
 7    THE COURT: We will hear from him later
 8    about that one.
 9    MR. ZIMROTH: That leaves us with the 20
10    which there are -- could be factual issues. And I
11    think the way to handle that is that we have not taken
12    the -- because these are new -- either new reads of old
13    echoes or new echoes, not Dr. Shell, and we have not
14    taken Mr. Pirtle's experts, he has not taken ours, so
15    there is really nothing for us to talk about except we
16    will have to work out with Mr. Pirtle a convenient
17    schedule to do the depositions and then at the end of
18    that, if we have an issue, we will be back.
19    THE COURT: Just so we don't have it pending
20    on the docket, what we might do with respect to those
21    20 is just dismiss the motion without prejudice.
22    MR. ZIMROTH: Okay, we can withdraw it
23    without prejudice.
24    THE COURT: Why don't you do that?
25    MR. ZIMROTH: That's fine.

**Page 12**

 1    THE COURT: Mr. Pirtle.
 2    MR. PIRTLE: Good afternoon, Your Honor. My
 3    name is Tom Pirtle. Let me recite what we've agreed to
 4    do. As the Court probably is well aware at this point
 5    in time, we took over these cases that involved this
 6    issue of Dr. Shell in midstream and have tried to
 7    eliminate him from our cases. I think during the first
 8    two hearings what I asked to do is let me get rereads
 9    on the ones that are Shell only so I had a feel for how
10    good the quality of the opinion was that he gave. That
11    has been done and we have no desire whatsoever to
12    pursue or have our name associated with cases that are
13    non FDA positive. Of these 50 cases what we want to do
14    is dismiss those cases. What I need to do as a lawyer
15    is bring each one of these people in individually and
16    explain to them why their case is being dismissed, and
17    that will happen forthwith. If we have a problem with
18    a client, we may have to file another motion with you,
19    but that is how we think properly it should be done.
20    Of the rest of them, they have either during the time
21    frame been reechoed and reread, been reread during the
22    time frame.
23    THE COURT: What about the one, that is an
24    AIO case?
25    MR. PIRTLE: We will dismiss the AIO case.

# EXHIBIT 3

or law firm may assume that $50.00 is a reasonable estimate of the minimum amount of interest that a segregated trust account for an individual client must generate to be practical in light of the costs involved in earning or accounting for any such income.

(e) Although notification to clients whose funds are nominal in amount or to be held for a short period of time is not required, many attorneys may want to notify their clients of their participation in the program in some fashion. There is no impropriety in an attorney for the firm advising all clients of the members of the firm's advancing the administration of justice in Louisiana beyond their individual abilities in conjunction with other public-spirited members of their profession. In fact, it is recommended that this be done. Participation in the program will require communication to an authorized financial institution.

(4) The Louisiana Bar Foundation shall hold the entire beneficial interest in the interest income derived from trust accounts in the IOLTA program. Interest earned by the program will be paid to the Louisiana Bar Foundation, Inc. to be used solely for the following purposes:
  (a) to provide legal services to the indigent and to the mentally disabled;
  (b) to provide law-related educational programs for the public;
  (c) to study and support improvements to the administration of justice, and
  (d) for such other programs for the benefit of the public and the legal system of the state as are specifically approved from time to time by the Supreme Court of Louisiana.

(5) The Louisiana Bar Foundation shall prepare an annual report to the Supreme Court of Louisiana that summarizes IOLTA income, grants, operating expenses and any other problems arising out of administration of the IOLTA program. In addition, the Louisiana Bar Foundation shall also prepare an annual report to the Supreme Court of Louisiana that summarizes all other Foundation income, grants, operating expenses and activities, as well as any other problems which arise out of the Foundation's implementation of its corporate purposes. The Supreme Court of Louisiana shall review, study and analyze such reports and shall make recommendations to the Foundation with respect thereto.

Adopted effective Jan. 1, 1991

## RULE 1.16. DECLINING OR TERMINATING REPRESENTATION

(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
  (1) the representation will result in violation of the rules of professional conduct or other law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged.
(b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
(1) withdrawal can be accomplished without material adverse effect on the interests of the client;
(2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
(3) the client has used the lawyer's services to perpetrate a crime or fraud;
(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(7) other good cause for withdrawal exists.
(c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. Upon written request by the client, the lawyer shall promptly release to the client or the client's new lawyer the entire file relating to the matter. The lawyer may retain a copy of the file but shall not condition release over issues relating to the expense of copying the file or for any other reason. The responsibility for the cost of copying shall be determined in an appropriate proceeding.

## RULE 1.17. [RESERVED]

## RULE 1.18. DUTIES TO PROSPECTIVE CLIENT

(a) A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a prospective client.
(b) Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

20