# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| ACOSTA, CYNTHIA v. WYETH, et al. | Civil Action No. 02-20143  Transferor Court No. 02-00074 |
| ALFONSO, ERILDA v. WYETH, et al. | Civil Action No. 02-20135  Transferor Court No. 02-00144 |
| AREAUX, MILLIE v. WYETH, et al. | Civil Action No. 02-20239  Transferor Court No. 02-02735 |
| ARMSTRONG, PAULA v. WYETH, et al. | Civil Action No. 03-20138  Transferor Court No. 02-03448 |
| AUGUST, FLORA v. WYETH, et al. | Civil Action No. 03-20150  Transferor Court No. 03-00460 |
| BARRIE, DOROTHY v. WYETH, et al. | Civil Action No. 03-20114  Transferor Court No. 02-03841 |
| BENN, HELEN v. WYETH, et al. | Civil Action No. 03-20096  Transferor Court No. 02-03447 |
| BENQUIST, DOLORES v. WYETH, et al. | Civil Action No. 02-20244  Transferor Court No. 02-02850 |
| BERGERON, ROSALIE v. WYETH, et al. | Civil Action No. 02-20136  Transferor Court No. 02-00145 |

| | |
|---|---|
| BONVILLIAN, LINDA<br>v.<br>WYETH, et al. | Civil Action No. 02-20130<br><br>Transferor Court No. 02-00085 |
| BOUDREAUX, MELANIE<br>v.<br>WYETH, et al. | Civil Action No. 02-20133<br><br>Transferor Court No. 02-00073 |
| BREAUX, RONALD<br>v.<br>WYETH, et al. | Civil Action No.  03-20136<br><br>Transferor Court No. 02-03086 |
| DAIGLE, ROSELYN ET AL.<br>v.<br>WYETH, et al. | Civil Action No.  03-20130<br><br>Transferor Court No. 02-03163 |
| ELSTROTT, JANICE<br>v.<br>WYETH, et al. | Civil Action No. 02-20134<br><br>Transferor Court No. 02-00120 |
| FABRE, ELIZABETH<br>v.<br>WYETH, et al. | Civil Action No.  03-20131<br><br>Transferor Court No. 02-03374 |
| HEGEMAN, KATHERINE<br>v.<br>WYETH, et al. | Civil Action No.  03-20151<br><br>Transferor Court No. 03-00459 |
| JAMES, KONNEE ET AL.<br>v.<br>WYETH, et al. | Civil Action No.  03-20064<br><br>Transferor Court No. 02-03376 |
| KERSHENSTINE, PAULA<br>v.<br>WYETH, et al. | Civil Action No.  03-20169<br><br>Transferor Court No. 03-00237 |
| KIDD, SHAVONDA<br>v.<br>WYETH, et al. | Civil Action No. 02-20224<br><br>Transferor Court No. 04-00655 |
| KING, GRACE ET AL.<br>v.<br>WYETH, et al. | Civil Action No.  03-20132<br><br>Transferor Court No. 02-03491 |

| | |
|---|---|
| LOGOS, AUDREY <br> v. <br> WYETH, et al. | Civil Action No.  04-27238 <br><br> Transferor Court No. 04-02132 |
| NORWOOD, ELAINE GREEN <br> v. <br> WYETH, et al. | Civil Action No.  03-20390 <br><br> Transferor Court No. 03-02012 |
| PORCHE, CYNTHIA <br> v. <br> WYETH, et al. | Civil Action No. 02-20131 <br><br> Transferor Court No. 02-00147 |
| SMALLWOOD, GINA <br> v. <br> WYETH, et al. | Civil Action No.  03-20430 <br><br> Transferor Court No. 03-02295 |
| SMITH, ALAN <br> v. <br> WYETH, et al. | Civil Action No. 03-20139 <br><br> Transferor Court No. 02-03498 |
| SMITH, DELORES T. <br> v. <br> WYETH, et al. | Civil Action No.  02-20135 <br><br> Transferor Court No. 02-00177 |
| TAPP, BARBARA <br> v. <br> WYETH, et al. | Civil Action No.  03-20115 <br><br> Transferor Court No. 03-00022 |
| WILLIAMS, BOBBIE L. <br> v. <br> WYETH, et al. | Civil Action No.  03-20095 <br><br> Transferor Court No. 02-03460 |
| WILLIAMS, CATHERINE <br> v. <br> WYETH, et al. | Civil Action No.  03-20194 <br><br> Transferor Court No. 03-00691 |
| WOMACK, GAIL <br> v. <br> WYETH, et al. | Civil Action No.  03-20549 <br><br> Transferor Court No. 03-02641 |

<u>ORDER</u>

AND NOW, this _____ day of _____, 2005, upon consideration of the argument submitted by the parties in the above-captioned matters, it is ORDERED that plaintiffs' Motions to Remand are DENIED.

BY THE COURT:

_____

Harvey Bartle III

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | ) ) ) ) | MDL DOCKET NO. 1203 |
| ACOSTA, CYNTHIA v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20143 Transferor Court No. 02-00074 |
| ALFONSO, ERILDA v. WYETH, et al. | ) ) ) | Civil Action No. 02-20135 Transferor Court No. 02-00144 |
| AREAUX, MILLIE v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20239 Transferor Court No. 02-02735 |
| ARMSTRONG, PAULA v. WYETH, et al. | ) ) ) ) | Civil Action No. 03-20138 Transferor Court No. 02-03448 |
| AUGUST, FLORA v. WYETH, et al. | ) ) ) ) | Civil Action No. 03-20150 Transferor Court No. 03-00460 |
| BARRIE, DOROTHY v. WYETH, et al. | ) ) ) ) | Civil Action No. 03-20114 Transferor Court No. 02-03841 |
| BENN, HELEN v. WYETH, et al. | ) ) ) | Civil Action No. 03-20096 Transferor Court No. 02-03447 |
| BENQUIST, DOLORES v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20244 Transferor Court No. 02-02850 |
| BERGERON, ROSALIE v. WYETH, et al. | ) ) ) ) | Civil Action No. 02-20136 Transferor Court No. 02-00145 |

| | | |
|---|---|---|
| BONVILLIAN, LINDA<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No. 02-20130<br><br>Transferor Court No. 02-00085 |
| BOUDREAUX, MELANIE<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No. 02-20133<br><br>Transferor Court No. 02-00073 |
| BREAUX, RONALD<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No.  03-20136<br><br>Transferor Court No. 02-03086 |
| DAIGLE, ROSELYN ET AL.<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No.  03-20130<br><br>Transferor Court No. 02-03163 |
| ELSTROTT, JANICE<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No. 02-20134<br><br>Transferor Court No. 02-00120 |
| FABRE, ELIZABETH<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No. 03-20131<br><br>Transferor Court No. 02-03374 |
| HEGEMAN, KATHERINE<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No. 03-20151<br><br>Transferor Court No. 03-00459 |
| JAMES, KONNEE ET AL.<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No.  03-20064<br><br>Transferor Court No. 02-03376 |
| KERSHENSTINE, PAULA<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No.  03-20169<br><br>Transferor Court No. 03-00237 |
| KIDD, SHAVONDA<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No.  02-20224<br><br>Transferor Court No. 04-00655 |
| KING, GRACE ET AL.<br>v.<br>WYETH, et al. | )<br>)<br>)<br>) | Civil Action No.  03-20132<br><br>Transferor Court No. 02-03491 |

| | |
|---|---|
| LOGOS, AUDREY<br>v.<br>WYETH, et al. | Civil Action No. 04-27238<br><br>Transferor Court No. 04-02132 |
| NORWOOD, ELAINE GREEN<br>v.<br>WYETH, et al. | Civil Action No. 03-20390<br><br>Transferor Court No. 03-02012 |
| PORCHE, CYNTHIA<br>v.<br>WYETH, et al. | Civil Action No. 02-20131<br><br>Transferor Court No. 02-00147 |
| SMALLWOOD, GINA<br>v.<br>WYETH, et al. | Civil Action No. 03-20430<br><br>Transferor Court No. 03-02295 |
| SMITH, ALAN<br>v.<br>WYETH, et al. | Civil Action No. 03-20139<br><br>Transferor Court No. 02-03498 |
| SMITH, DELORES T.<br>v.<br>WYETH, et al. | Civil Action No. 02-20135<br><br>Transferor Court No. 02-00177 |
| TAPP, BARBARA<br>v.<br>WYETH, et al. | Civil Action No. 03-20115<br><br>Transferor Court No. 03-00022 |
| WILLIAMS, BOBBIE L.<br>v.<br>WYETH, et al. | Civil Action No. 03-20095<br><br>Transferor Court No. 02-03460 |
| WILLIAMS, CATHERINE<br>v.<br>WYETH, et al. | Civil Action No. 03-20194<br><br>Transferor Court No. 03-00691 |
| WOMACK, GAIL<br>v.<br>WYETH, et al. | Civil Action No. 03-20549<br><br>Transferor Court No. 03-02641 |

## WYETH'S NOTICE OF PENDING REMAND MOTIONS

COMES NOW Defendant Wyeth and, pursuant to PTO 3370, files this notice of pending motions to remand.  Plaintiffs, all represented by the firm of O'Quinn, Laminack & Pirtle, filed motions for remand in the above-captioned cases in Louisiana federal district courts, but did not renew the motions in this Court following transfer.  Wyeth requests that this Court now rule on these remand motions.

### A. Wyeth's Briefs in Opposition to Remand, Filed in the Transferor Courts, Establish that all Non-Diverse Defendants Have Been Fraudulently Joined.

Wyeth submits these cases in a consolidated notice of pending motions because they present identical issues regarding the fraudulent joinder of phentermine manufacturers, doctors and a Wyeth sales representative, Vickie Kilcline ("Kilcline").[1]  Indeed, each of these cases names some combination of these defendants, and plaintiffs have submitted essentially identical arguments in support of their joinder of each.[2]  Wyeth will rely generally upon its briefs submitted in opposition to remand in the transferor courts ("Oppositions"), which are attached as Exhibit A.[3]  Wyeth's Oppositions explain why the non-diverse defendants in each case have

---

[1] Some of the cases subject to this consolidated notice are multi-plaintiff cases where severance has recently been ordered by this Court.  However, severed and amended complaints have not yet been filed, therefore case numbers have not been assigned to those individual plaintiffs. Exhibit B lists the individual plaintiffs in the multi-plaintiff cases and shows the recent severance orders.

[2] For the Court's reference, Exhibit B identifies the date of filing and non-diverse defendants named in each case.

[3] Exhibit A includes Wyeth's notice of removal, plaintiffs' motion to remand, Wyeth's opposition to remand, and any subsequent briefing on remand for each case subject to this Notice of Pending Remand Motions ("Notice").  Exhibit A is organized alphabetically by case name. The Exhibit List filed with this Notice provides an index of case names and removal pleadings in each case.

been fraudulently joined, and thus why remand must be denied.[4]

## B.    New Authority Supports Wyeth's Arguments in Opposition to Remand.

This Court has addressed the issues raised in plaintiffs' remand motions on dozens of

occasions. Indeed, this Court has found each category of non-diverse defendant named in these

cases to have been fraudulently joined in numerous cases from numerous jurisdictions.[5] In

---

[4] Wyeth also argued, in some of the cases subject to this Notice, that removal was proper under the All Writs Act. However, Wyeth no longer relies on this argument, and now relies solely on the fraudulent joinder of non-diverse defendants as its basis for removal.

[5] *See, e.g., Rubin v. Am. Home Prods. Corp.*, No. 03-20370, PTO 4143 (E.D. Pa. Nov. 17, 2004) (fraudulent joinder of doctor); *Bales v. Wyeth*, No. 04-20899, PTO 4054 (E.D. Pa. Oct. 22, 2004) (fraudulent joinder of doctor); *Abbott v. Wyeth*, No. 04-20977, PTO 4036 (E.D. Pa. Oct. 19, 2004) (fraudulent joinder of doctors and sales representatives); *Green v. Wyeth*, No. 04-20866, PTO 4017 (E.D. Pa. Oct. 6, 2004) (fraudulent joinder of doctors); *Alexander v. Wyeth*, No. 04-21035, PTO 3991 (E.D. Pa. Sept. 27, 2004) (fraudulent joinder of doctors); *Cain v. Wyeth*, No. 04-20194, PTO 3960 (E.D. Pa. Sept. 22, 2004) (fraudulent joinder of doctors and sales representatives); *Blake v. Wyeth*, PTO 3959 (E.D. Pa. Sept. 22, 2004) (fraudulent joinder of doctors, sales representative and phentermine defendants); *Kizer v. Wyeth*, No. 04-23745, PTO 3954 (E.D. Pa. Sept. 17, 2004) (fraudulent joinder of doctors); *Davis v. Wyeth*, No. 04-20233, PTO 3938 (E.D. Pa. Sept. 15, 2004) (fraudulent joinder of doctor and sales representatives); *Allen v. Wyeth*, No. 04-20171, PTO 3924 (E.D. Pa. Sept. 10, 2004) (fraudulent joinder of doctors and sales representatives); *Rutowski v. Wyeth*, No. 04-20032, PTO 3889 (E.D. Pa. Aug. 31, 2004) (fraudulent joinder of doctor and sales representatives); *Lara v. Wyeth*, No. 04-21381, PTO 3871 (E.D. Pa. Aug. 24, 2004) (fraudulent joinder of doctor); *Briscoe v. Wyeth*, No. 04-25833, PTO 3870 (E.D. Pa. Aug. 24, 2004) (fraudulent joinder of doctor); *Ivy v. Wyeth*, No. 03-20511, PTO 3857 (E.D. Pa. Aug. 12, 2004) (fraudulent joinder of doctors); *Purvis v. Wyeth*, No. 03-20513, PTO 3818 (E.D. Pa. Aug. 9, 2004) (fraudulent joinder of doctors); *Anderson v. American Home Prods., Corp.*, No. 01-20182, PTO 2567 (E.D. Pa. Aug. 13, 2002) (finding fraudulent joinder of phentermine defendants because "plaintiffs have no real intention in good faith to seek a judgment against the phentermine defendants"); *Van hook v. Wyeth, et al.*, No. 03-20373, PTO 3666 (E.D.Pa. June 29, 2004) (fraudulent joinder of phentermine defendants); *Washington, et al., v. American Home Prods., Corp.*, No. 03-20233, PTO 3729 (E.D.Pa. July 15, 2004) (fraudulent joinder of phentermine defendants); *Bolton, et al., v. American Home Prods., Corp.*, No. 03-20586, PTO 3726 (E.D. Pa. July 13, 2004) (fraudulent joinder of phentermine defendants); *Taylor, et al., v. Wyeth, et al.*, No. 03-20242, PTO 3703 (E.D.Pa. July 6, 2004) (fraudulent joinder of phentermine defendants); *Knight, et al., v. Wyeth, et al.*, No. 03-20551, PTO 3679 (E.D.Pa. July 1, 2004) (fraudulent joinder of phentermine defendants); *Montgomery v. Wyeth*, No. 04-22930, PTO 4141 (E.D. Pa. Nov. 15, 2004) (fraudulent joinder of sales representatives); *Achorn v. Wyeth*, No. 04-23800, PTO 4115 (E.D. Pa. Nov. 8, 2004) (fraudulent joinder of sales representatives); *Archer v. Wyeth*, No. 04-23798, PTO 4113 (E.D. Pa. Nov. 8, 2004) (fraudulent joinder of sales representatives); *Goodlette v. Wyeth*, No. 04-23789, PTO 4112 (E.D. Pa. Nov. 8, 2004) (fraudulent joinder of sales representatives); *DeBerard v. Wyeth*, No. 04-20786, PTO 4032 (E.D. Pa. Oct. 18, 2004) (fraudulent joinder of sales representatives); *Castle v. Wyeth*, No. 03-20611, PTO 3993 (E.D. Pa. Sept. 27, 2004) (fraudulent joinder of sales representatives); *Shepard v. Wyeth*, NO. 03-20616, PTO 3942 (E.D. Pa. Sept. 16, 2004) (fraudulent joinder of sales representative); *Bode v. Wyeth*, No. 04-20200, Pretrial Order 3936 (E.D. Pa. Sept. 14, 2004) (fraudulent joinder of sales representatives); *Lewis v. Wyeth*, No. 04-

addition to these cases generally addressing the issues presented here, this Court has on several occasions ruled that the massive publicity accompanying the removal of the diet drugs from the market and subsequent events placed all diet drug users on inquiry notice of their claims. These rulings confirm that, as Wyeth explained in its Oppositions, plaintiffs' claims against physicians and phentermine manufacturers are time-barred. Similarly, the United States District Court for the Western District of Louisiana has found Wyeth sales employees fraudulently joined on three occasions, confirming that plaintiffs have stated no viable claim against Kilcline under Louisiana law.

      **1.**      **This Court's orders confirm that, as Wyeth explained in its Oppositions, plaintiffs' claims against physicians and phentermine manufacturers are time-barred.**

As Wyeth explained in its Oppositions, plaintiffs' claims against physicians and phentermine manufacturers fail because, *inter alia*, they are barred by Louisiana's one-year prescriptive period. Since Wyeth filed its Oppositions, this Court has ruled on numerous occasions that all diet drug users were placed on inquiry notice of their potential claims by the massive publicity surrounding the diet drug withdrawal and subsequent events.

According to Louisiana statute, all tort claims are subject to a one-year prescriptive period, which runs from "the day injury or damage is sustained." La. Civ. Code Art. 3492. The earliest any of the plaintiffs subject to this Notice filed suit was November of 2001, *see* Exhibit B, more than four years after the diet drugs were withdrawn from the market in September of 1997. *See French v. Wyeth*, 03-20353, PTO 3281 at 2 (E.D. Pa. Feb. 18, 2004). Thus, all of

---

20183, PTO 3925 (E.D. Pa. Sept. 10, 2004) (fraudulent joinder of sales representatives); *Bankston v. Wyeth*, No. 03-20765, PTO 3856 (E.D. Pa. Aug. 12, 2004) (fraudulent joinder of sales representatives).

these suits were filed more than four years after the last date on which plaintiffs could have sustained injury, well outside the one-year prescriptive period. Though plaintiffs' counsel have asserted that some plaintiffs' claims are saved by the discovery rule because they discovered their injuries within a year before filing their actions, *see, e.g.*, Exhibit A-13-c, Plaintiff's Memorandum of Law in Support of Motion to Remand in *Daigle* at 9-11, Louisiana law required plaintiffs to file their claims within a year of when they knew or *should have known* of their claims. *See, e.g.*, Exhibit A-13-d Wyeth's Opposition to Remand in *Daigle* at 18 (citing *Foraker v. Board of Supervisors of Louisiana State University*, 734 So.2d 63, 66 (La. App. 2d Cir. 1999)). As Wyeth explained in detail in its Oppositions, massive publicity accompanied the diet drugs' removal from the market and subsequent events, placing all diet drug users on inquiry notice of their claims. *See, e.g., id.* at 18-21, & Exhibit J thereto (declaration detailing massive publicity in national and Louisiana media).

Since Wyeth filed its Oppositions, this Court, citing much of the same publicity detailed in Wyeth's Oppositions, has repeatedly held that the publicity surrounding the withdrawal of the diet drugs as well as the publicity associated with the Class Notice was more than sufficient to place diet drug plaintiffs on inquiry notice of their potential claims:

- "In light of the massive publicity concerning the health risks associated with the use of diet drugs [and] the comprehensive notice program associated with the settlement, . . . we find that plaintiffs, through the exercise of reasonable diligence, should have discovered their alleged injuries at the very latest by the end of March, 2000." *French v. Wyeth*, PTO 3281 at 13 .
- "In light of the massive publicity concerning the health risks associated with the use of Pondimin, we find that plaintiff was on inquiry notice and should have discovered [her doctor's] alleged fraud at the very latest by early Spring, 2000." *Ferrell v. Wyeth*, 03-20094, PTO 2996 at 17 (E.D. Pa. Sep. 5, 2003).
- "[T]here was massive publicity from 1997 through the Spring of 2000 concerning Wyeth's diet drugs and their connection to valvular heart disease. Certainly plaintiff should have known about her injury no later than the Spring of 2000." *Wilson v. Wyeth*, 03-20124, PTO 3000 at 2 (E.D. Pa. Sep. 8, 2003).

Thus, under this Court's orders, plaintiffs' claims against phenetermine manufacturers and physicians[6] are not saved by the discovery rule because plaintiffs were on inquiry notice of their claims more than a year before filing their actions.

## 2. The Western District of Louisiana's and this Court's rulings confirm that plaintiffs' claims against Kilcline fail as a matter of law.

As Wyeth explained in its Oppositions, plaintiffs' claims against Kilcline fail because plaintiffs have stated no viable claim for individual liability against her. The United States District Court for the Western District of Louisiana has confirmed this in three separate orders finding Wyeth sales employees fraudulently joined. This Court has also found Wyeth sales representatives fraudulently joined for similar reasons.

Ms. Kilcline has submitted a sworn declaration establishing that: (1) she had no involvement of any kind with Pondimin; (2) her only involvement with Redux was her distribution of FDA-approved warnings provided to her by Wyeth--she had no involvement in or responsibility for the preparation of those warnings; and (3) she had no knowledge of any association between diet drugs and valvular heart disease while she was promoting Redux. *See* Exhibit C, Vickie Kilcline Affidavit. These facts establish that Ms. Kilcline was fraudulently joined because, under Louisiana law, an employee is individually liable for damages caused in the performance of his or her employment only in limited circumstances. Under the four-part

---

[6] In *Anderson v. American Home Products*, No. 01-20182, PTO 2567 (E.D. Pa. Aug. 13, 2002), this Court did find that two doctors were not fraudulently joined defendants in the individual actions brought by plaintiffs who the doctors actually treated. In *Anderson*, this Court did not, however, address whether the doctors were fraudulently joined because the claims against them were time-barred under Louisiana law. In later decisions, where this Court addressed the statute of limitations issue, it has found doctor defendants fraudulently joined because the claims against the doctors were time-barred by state law. *See, e.g., Rubin v. Am. Home Prods. Corp.*, PTO 4143 (fraudulent joinder of doctor based on Florida's two-year statute of limitations for medical malpractice); *Ivy v. Wyeth*, PTO 3857 (fraudulent joinder of doctors based on Texas' two-year statute of limitations); *Purvis v. Wyeth*, PTO 3818 (fraudulent joinder of doctors based on Mississippi's two-year statute of limitations for tort claims against health care providers).

test adopted by the Louisiana Supreme Court in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973), such liability requires that the "employee has breached this duty through personal (as contrasted with technical or vicarious) fault." *Id.*; *see also Harrod v. Zenon*, Civ. Action No. 03-1088, 2003 WL 21748687, at *2 (E.D. La. July 25, 2003) ("[u]nder Louisiana law, individual liability of an employee for a work-related function can only exist if there was a breach of a *personal* duty of care to another") (emphasis in original). Recognizing that pharmaceutical sales representatives are not responsible for the content of warnings they provide, the Louisiana Court of Appeals has applied the *Canter* test to reject claims against drug company sales representatives in *Catalanotto Wallace v. Upjohn Co.*, 535 So.2d 1110 (La. App. 1st Cir. 1988); *accord Miller v. Upjohn Co.*, 465 So.2d 42, 47 (La. App. 1st Cir. 1985). The Court held that the sales representatives were not personally liable under *Canter* because they had not breached their limited duty to plaintiffs, which was "only . . . to deliver and explain" the warnings provided by the drug company. *Id.* at 1117.

The United States District Court for the Western District of Louisiana has, on three occasions, found Wyeth sales representatives fraudulently joined because their affidavits established that they had not breached this limited duty. *See* Exhibit D, *Westbrook v. Wyeth*, Docket No. 03-1918, Report and Recommendation (W.D. La. Dec. 22, 2003) & *Westbrook v. Wyeth*, Docket No. 03-1918, Judgment (W.D. La. Feb. 2, 2004) (adopting Magistrate's Report and Recommendation and denying remand); Exhibit E, *Lee v. Wyeth*, Civ. Action No. 04-1103, Hearing Transcript at 37 (W.D. La. July 15, 2004); Exhibit F, *Richard v. Wyeth*, Docket No. 2:04 CV 1582 (W.D. La. Nov. 16, 2004).

In *Westbrook*, Judge Minaldi found Wyeth sales representatives fraudulently joined because, *inter alia*, "the only duty owed by detailmen is to deliver and explain the new package

- 9 -

inserts to the physicians in their area." Exhibit C, *Westbrook* Report and Recommendation at n. 3 (citations omitted). Similarly, Judge Melancon concluded, in *Lee*, that "under the duty as found by Judge Minaldi [in *Westbrook*] . . . the duty and obligation of the pharmaceutical sales representative to deliver and explain the package inserts to the physicians and [sic] their territory, that there's no reasonable possible recovery against the sales representative." Exhibit D, *Lee* Hearing Transcript at 37. In *Richard*, Judge Minaldi again found sales representatives fraudulently joined because, *inter alia*, "the plaintiff ha[d] submitted no evidence that [could] refute [the sales representatives'] sworn statements that they were unaware of any danger of VHD associated with diet drugs." Exhibit E, *Richard* at 2.

This Court came to a similar conclusion, applying Florida law, in *Bankston v. Wyeth*, No. 03-20765, PTO 3856 (E.D. Pa. Aug. 12, 2004). In *Bankston*, this Court found that sales representatives' affidavits similar to Kilcline's negated any reasonable possibility of liability because "sales representatives do not assume individual liability merely by participating in their employer's purported failure to provide adequate information." *Id.* at 7-8 (citation omitted). The Court found that, although sales representatives might theoretically be liable for knowingly participating in fraudulent conduct, the sales representatives' attested lack of knowledge regarding any association between diet drugs and VHD precluded such liability. *Id.* at 8-9. Similarly, "plaintiffs ha[d] no chance of succeeding on their strict liability claims . . . [because]

sales representatives who served as mere conduits of information cannot be liable for Wyeth's allegedly harmful diet drugs." *Id.* at 9-10 (citation omitted).[7]

Thus, plaintiffs' claims against Kilcline fail because, as the Western District of Louisiana and this Court have previously found, Kilcline's declaration precludes any reasonable possibility of individual liability.

## CONCLUSION

WHEREFORE, for the reasons herein, as well as the reasons stated in Wyeth's Oppositions, remand should be denied because removal was proper in each of the cases subject to this Notice on the basis of fraudulent joinder.

---

[7] It is not clear whether plaintiffs assert strict liability, warranty or redhibition claims against Kilcline in the cases subject to this Notice. However, any such claim would fail for similar reasons. Strict products liability claims under Louisiana law are governed by the Louisiana Products Liability Act ("LPLA"), which applies only to manufacturers. *See* La. R. S. § 9:2800.52 ("[t]his Chapter establishes the exclusive theories of liability for *manufacturers* for damage caused by their products") (emphasis added); *Jefferson v. Lead Industries Ass'n*, 106 F.3d 1245, 1253 (5th Cir. 1997), *aff'g and adopting,* 930 F. Supp. 241, 247 (E.D. La. 1996) ("[t]he LPLA applies only to manufacturers") (citing *Baldwin v. Kikas*, 635 So.2d 1324 (La. App. 4 Cir. 1994)). Likewise, "a warranty action does not lie against one who neither sells nor manufactures a product." *Jefferson*, 106 F.3d at 1253, *aff'g and adopting,* 930 F. Supp. at 247 (citing *Rowell v. Carter Mobile Homes*, 500 So.2d 748 (La. 1987)). Finally, "[t]he action for redhibition is between vendor and purchaser and cannot be maintained absent such relationship." *Long v. Bruns*, 727 So.2d 664, 667 (La. App. 2 Cir. 1999) (citations omitted).

Respectfully submitted,


"/s/" Milind M. Shah

Peter L. Zimroth
ARNOLD & PORTER
399 Park Avenue
New York, NY  10022-4690
(212)  715-1000

Robert D. Rosenbaum
ARNOLD & PORTER
555 Twelfth Avenue, N.W.
Washington, DC  20004-1202
(202)  942-5000

David Neslin
ARNOLD & PORTER
370 17th Street, Suite 4500
Denver, CO  80202
(303)  863-1000

Michael T. Scott
Paul B. Kerrigan
Milind M. Shah
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215)  851-8100

Dated: April 8, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Index of Exhibits in Support of Wyeth's Notice of Pending Remand Motions, Wyeth's Notice of Pending Remand Motions, Order and Exhibits were filed this 8th day of April 2005.

The undersigned further certifies that a true and correct copy of the foregoing documents[1] were served this 8th day of April 2005 by UPS Overnight Delivery upon the following Plaintiffs' counsel:

> Richard Laminack, Esq.
> Buffy Martines, Esq.
> O'Quinn Laminack & Pirtle
> 2300 Lyric Centre Building, 440 Louisiana Avenue
> Houston, TX  77002
> **Counsel for Plaintiffs**

And by U.S. first-class mail, postage prepaid, upon all other counsel of record and those required to be served by Pretrial Order No. 19 as follows:

> Arnold Levin, Esq.
> Levin, Fishbein, Sedran & Berman
> 510 Walnut Street
> Suite 500
> Philadelphia, PA 19106
> **Co-Chair of Plaintiffs' Management Committee**
>
> John J. Cummings, III, Esq.
> Cummings, Cummings & Dudenhefer
> 416 Gravier Street
> New Orleans, LA 70130
> **Co-Chair of Plaintiffs' Management Committee**

---

[1]     Because of their volume, the Exhibits to Wyeth's Notice of Pending Remand Motions could not be filed electronically. A paper copy of the Exhibits are being provided to the Court this 8th day of April 2005 and served on Plaintiffs' counsel. All other counsel of record in this action, the Special Discovery Master, and MDL 1203 Lead and Liaison Counsel will be served today with a copy of the Index to the Exhibits, the Table of Contents of Exhibit A, and Exhibit B, C, D, E, and F rather than the entire contents of Exhibit A. If any of these counsel would like to receive a complete set of Exhibits, they should contact Wyeth's Liaison Counsel in MDL 1203.

Stanley M. Chesley, Esq.
Jean M. Geoppinger, Esq.
Waite, Schneider, Bayless, Chesley Co., L.P.A.
1513 Central Trust Tower
One West Fourth Street
Cincinnati, OH 45202
**Co-Chair of Plaintiffs' Management Committee**

Deborah A. Hyland, Esq.
Plaintiffs' Management Committee
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
**Office of the Plaintiffs' Management Committee**

Edward W. Madeira, Jr., Esq.
Pepper Hamilton LLP
Bell Atlantic Building, 34th Floor
1717 Arch Street
Philadelphia, PA 19103
**Liason Counsel for Phentermine Defendants**

Peter G. Resnick, Esq.
McDermott, Will and Emery
28 State Street, 34th Floor
Boston, MA 02109-1775
**Co-Lead Counsel for Phentermine Defendants**

Edward S. Weltman, Esq.
Goodwin Proctor LLP
599 Lexington Avenue, 30th Floor
New York, NY 10022
**Co-Lead Counsel for Phentermine Defendants**

W. Luther Wilson, Esq.
Taylor Porter Brooks
  & Phillips, L.L.P.
451 Florida Street, 8th Floor
Baton Rouge, Louisiana 70801
**Counsel for Phentermine Defendant Ion Laboratories, Inc.**

2

Marie Rudd Posey, Esq.
Suite 1250
1100 Poydras Street
New Orleans, LA 70163-1250
**Counsel for Phentermine Defendant SmithKline Beecham Corp.**

Douglas Moore, Esq.
400 Poydras Street
Suite 2700
New Orleans, LA 70130
**Counsel for Phentermine Defendant Gate Pharmaceuticals**

Douglas Moore, Esq.
400 Poydras Street
Suite 2700
New Orleans, LA 70130
**Counsel for Phentermine Defendant Teva Pharmaceuticals USA, Inc.**

Stanton E. Shuler, Jr., Esq.
Suite 1700
1100 Poydras Street
New Orleans, LA 70163-1701
**Counsel for Phentermine Defendant Geneva Pharmaceuticals, Inc.**

Stanton E. Shuler, Jr., Esq.
Suite 1700
1100 Poydras Street
New Orleans, LA 70163-1701
**Counsel for Phentermine Defendant Rugby Laboratories, Inc.**

W. Luther Wilson, Esq.
Taylor Porter Brooks
 & Phillips, L.L.P.
451 Florida Street, 8th Floor
Baton Rouge, Louisiana 70801
**Counsel for Phentermine Defendant Eon Labs Manufacturing, Inc.**

Terry Christovich Gay, Esq.
Suite 2300
601 Poydras Street
New Orleans, LA 70130-6078
**Counsel for Phentermine Defendant Medeva Pharmaceuticals Inc.**

Terry Christovich Gay, Esq.
Suite 2300
601 Poydras Street
New Orleans, LA 70130-6078
**Counsel for Phentermine Defendant Fisons Corp.**

Jason Cashio, Esq.
22nd Floor, One American Place
P. O. Box 3513
Baton Rouge, LA 70821
**Counsel for Phentermine Defendant Indevus Pharmaceuticals, Inc. (formerly known as Interneuron Pharmaceuticals, Inc.)**

Deborah Schroeder, Esq.
LAMMICO111
Veterans Blvd. Suite 1710
Metairie, LA 70005
**Counsel for Doctor Defendants (Smith, Kennedy, Cerrato, Scholtz, Cherrie, Dileo, Bailey, Waguespack, , Schexnayder, Marmande, Naccari, Davis, Bloom, Miller).**

Dr. Critty Hymes
8369 Dwyer Road
New Orleans, LA 70126
**Doctor Defendant**

<u>"/s/" Milind M. Shah</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:  DIET DRUGS (Phentermine/ Fenfluramine/Dexfenfluramine) PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1203 |
| ACOSTA, CYNTHIA v. WYETH, et al. | Civil Action No. 02-20143 Transferor Court No. 02-00074 |
| ALFONSO, ERILDA v. WYETH, et al. | Civil Action No. 02-20135 Transferor Court No. 02-00144 |
| AREAUX, MILLIE v. WYETH, et al. | Civil Action No. 02-20239 Transferor Court No. 02-02735 |
| ARMSTRONG, PAULA v. WYETH, et al. | Civil Action No. 03-20138 Transferor Court No. 02-03448 |
| AUGUST, FLORA v. WYETH, et al. | Civil Action No. 03-20150 Transferor Court No. 03-00460 |
| BARRIE, DOROTHY v. WYETH, et al. | Civil Action No. 03-20114 Transferor Court No. 02-03841 |
| BENN, HELEN v. WYETH, et al. | Civil Action No. 03-20096 Transferor Court No. 02-03447 |
| BENQUIST, DOLORES v. WYETH, et al. | Civil Action No. 02-20244 Transferor Court No. 02-02850 |
| BERGERON, ROSALIE v. WYETH, et al. | Civil Action No. 02-20136 Transferor Court No. 02-00145 |

| | | |
|---|---|---|
| BONVILLIAN, LINDA<br>v.<br>WYETH, et al. | ) | Civil Action No. 02-20130<br><br>Transferor Court No. 02-00085 |
| BOUDREAUX, MELANIE<br>v.<br>WYETH, et al. | ) | Civil Action No. 02-20133<br><br>Transferor Court No. 02-00073 |
| BREAUX, RONALD<br>v.<br>WYETH, et al. | ) | Civil Action No.  03-20136<br><br>Transferor Court No. 02-03086 |
| DAIGLE, ROSELYN ET AL.<br>v.<br>WYETH, et al. | ) | Civil Action No.  03-20130<br><br>Transferor Court No. 02-03163 |
| ELSTROTT, JANICE<br>v.<br>WYETH, et al. | ) | Civil Action No. 02-20134<br><br>Transferor Court No. 02-00120 |
| FABRE, ELIZABETH<br>v.<br>WYETH, et al. | ) | Civil Action No. 03-20131<br><br>Transferor Court No. 02-03374 |
| HEGEMAN, KATHERINE<br>v.<br>WYETH, et al. | ) | Civil Action No. 03-20151<br><br>Transferor Court No. 03-00459 |
| JAMES, KONNEE ET AL.<br>v.<br>WYETH, et al. | ) | Civil Action No. 03-20064<br><br>Transferor Court No. 02-03376 |
| KERSHENSTINE, PAULA<br>v.<br>WYETH, et al. | ) | Civil Action No.  03-20169<br><br>Transferor Court No. 03-00237 |
| KIDD, SHAVONDA<br>v.<br>WYETH, et al. | ) | Civil Action No.  02-20224<br><br>Transferor Court No. 04-00655 |
| KING, GRACE ET AL.<br>v.<br>WYETH, et al. | ) | Civil Action No.  03-20132<br><br>Transferor Court No. 02-03491 |

| | |
|---|---|
| LOGOS, AUDREY<br>v.<br>WYETH, et al. | Civil Action No. 04-27238<br><br>Transferor Court No. 04-02132 |
| NORWOOD, ELAINE GREEN<br>v.<br>WYETH, et al. | Civil Action No. 03-20390<br><br>Transferor Court No. 03-02012 |
| PORCHE, CYNTHIA<br>v.<br>WYETH, et al. | Civil Action No. 02-20131<br><br>Transferor Court No. 02-00147 |
| SMALLWOOD, GINA<br>v.<br>WYETH, et al. | Civil Action No. 03-20430<br><br>Transferor Court No. 03-02295 |
| SMITH, ALAN<br>v.<br>WYETH, et al. | Civil Action No. 03-20139<br><br>Transferor Court No. 02-03498 |
| SMITH, DELORES T.<br>v.<br>WYETH, et al. | Civil Action No. 02-20135<br><br>Transferor Court No. 02-00177 |
| TAPP, BARBARA<br>v.<br>WYETH, et al. | Civil Action No. 03-20115<br><br>Transferor Court No. 03-00022 |
| WILLIAMS, BOBBIE L.<br>v.<br>WYETH, et al. | Civil Action No. 03-20095<br><br>Transferor Court No. 02-03460 |
| WILLIAMS, CATHERINE<br>v.<br>WYETH, et al. | Civil Action No. 03-20194<br><br>Transferor Court No. 03-00691 |
| WOMACK, GAIL<br>v.<br>WYETH, et al. | Civil Action No. 03-20549<br><br>Transferor Court No. 03-02641 |

**INDEX OF EXHIBITS IN SUPPORT OF
WYETH'S NOTICE OF PENDING REMAND MOTIONS**

| Description | Exhibits |
| --- | --- |
| Index of Cases | Exhibit A |
| Acosta, Cynthia | Exhibit A-1 |
| Alfonso, Erilda | Exhibit A-2 |
| Areaux, Millie | Exhibit A-3 |
| Armstrong, Paula | Exhibit A-4 |
| August, Flora | Exhibit A-5 |
| Barrie, Dorothy | Exhibit A-6 |
| Benn, Helen | Exhibit A-7 |
| Benquist, Dolores | Exhibit A-8 |
| Bergeron, Rosalie | Exhibit A-9 |
| Bonvillian, Linda | Exhibit A-10 |
| Boudreaux, Melanie | Exhibit A-11 |
| Breaux, Ronald | Exhibit A-12 |
| Daigle, Roselyn et al. | Exhibit A-13 |
| Elstrott, Janice | Exhibit A-14 |
| Fabre, Elizabeth | Exhibit A-15 |
| Hegeman, Katherine | Exhibit A-16 |
| James, Konnee et al. | Exhibit A-17 |
| Kershenstine, Paula | Exhibit A-18 |
| Kidd, Shavonda | Exhibit A-19 |
| King, Grace et al. | Exhibit A-20 |
| Logos, Audrey | Exhibit A-21 |
| Norwood, Elaine | Exhibit A-22 |
| Porche, Cynthia | Exhibit A-23 |
| Smallwood, Gina | Exhibit A-24 |
| Smith, Alan | Exhibit A-25 |
| Smith, Delores, T. | Exhibit A-26 |
| Tapp, Barbara | Exhibit A-27 |
| Williams, Bobbie L. | Exhibit A-28 |
| Williams, Catherine | Exhibit A-29 |
| Womack, Gail | Exhibit A-30 |
| Table of Cases | Exhibit B |
| Kilcline Affidavit | Exhibit C |
| Westbrook v. Wyeth | Exhibit D |
| Lee v. Wyeth | Exhibit E |
| Richard v. Wyeth | Exhibit F |

**INDEX OF DOCUMENTS WITHIN EXHIBIT A**
**FOR WYETH'S NOTICE OF PENDING REMAND MOTIONS**

| Name | Exhibit No. | List of Exhibits |
|------|-------------|------------------|
| Acosta, Cynthia | A-1 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d. Plaintiffs' Reply to Defendant American Home Products Corporation's Opposition to Plaintiffs' Motion to Remand<br>e. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Supplemental Exhibits to Opposition to Remand<br>f. AHP's Second Supplemental Memorandum in Support of its Motion to Transfer to Section R and/or for Stay of Proceedings Pending Transfer to MDL<br>g. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Supplemental Authorities on Transfer and Stay Issues<br>h. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Second Supplemental Memorandum on Stay Motion<br>i. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>j. Response to Removal Order<br>k. Motion to Substitute Original Consents to Removal |
| Alfonso, Erilda | A-2 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and IncorporatedMemorandum<br>c. Plaintiff's Request for Oral Argument on Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. AHP Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages |

| | | |
|---|---|---|
| Areaux, Millie | A-3 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Armstrong, Paula T | A-4 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Motion for Leave to File Supplemental Memorandum in Opposition to Motion to Remand<br>f. Wyeth's Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>g. Response to Removal Order |
| August, Flora | A-5 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Barrie, Dorothy | A-6 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Benn, Helen | A-7 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>f. Plaintiff's Request for Oral Argument on Motion to Remand<br>g. Notice of Hearing<br>h. Wyeth's Motion, and Incorporated Memorandum in Support, for Leave to File Memorandum in Excess of 25 Pages<br>i. Wyeth's Motion for Leave to File Supplemental Memorandum in Opposition to Motion to Remand |

| | | j. Response to Removal Order |
|---|---|---|
| Benquist, Dolores | A-8 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Bergeron, Rosalie | A-9 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d. American Home Products Defendants' Motion, and Incorporated Memorandum in Support, for Leave to File Supplemental Exhibits to Opposition to Remand<br>e. American Home Products Supplemental Memorandum in Support of it's Opposition to Plaintiffs' Motion to Remand |
| Bonvillian, Linda | A-10 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c. American Home Products Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d. Plaintiff's Request for Oral Argument on Motion to Remand<br>e. American Home Products Defendants' Motion, and Incorporated Memorandum in Support, ForLeave to File Memorandum in Excess of 25 Pages |
| Boudreaux, Melanie | A-11 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Breaux, Ronald | A-12 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Daigle, Roselyn | A-13 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support |

| | | |
|---|---|---|
| | | of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>f. Wyeth's Second Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Elstrott, Janice | A-14 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c. American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Fabre, Elizabeth | A-15 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand<br>f. Wyeth's Second Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Hegeman, Katherine | A-16 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| James, Konnee et al. | A-17 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Kershenstine, Paula | A-18 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand<br>d. Wyeth's Supplemental Memorandum in Opposition to Plaintiff's Motion to Remand |

| Kidd, Shavonda | A-19 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
|---|---|---|
| King, Grace et al. | A-20 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Logos, Audrey | A-21 | a. Notice of Removal<br>b. Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Response to Removal Order<br>d. Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |
| Norwood, Elaine Green | A-22 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Porche, Cynthia | A-23 | a. Notice of Removal<br>b. Intervenors' Motion to Remand and Incorporated Memorandum<br>c. American Home Products Corporation's Opposition to Plaintiffs' Motion to Remand<br>d. Plaintiff's Reply to Defendant American Home Products Corporation's Opposition to Plaintiffs' Motion to Remand |
| Smallwood, Gina | A-24 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Smith, Alan | A-25 | a. Notice of Removal<br>b. Plaintiffs' Motion to Remand<br>c. Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d. Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e. Wyeth's Supplemental Memorandum in |

| | | |
|---|---|---|
| | | Opposition to Plaintiffs' Motion to Remand<br>f.  Wyeth's Second Supplemental Memorandum in Opposition to Plaintiffs Motion to Remand |
| Smith, Delores | A-26 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand and Incorporated Memorandum<br>c.  American Home Products Corporation's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Tapp, Barbara | A-27 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c.  Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>d.  Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Williams, Bobbie L. | A-28 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand<br>c.  Plaintiffs' Memorandum of Law in Support of Motion to Remand<br>d.  Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand<br>e.  Wyeth's Supplemental Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Williams, Catherine | A-29 | a.  Notice of Removal<br>b.  Plaintiffs' Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c.  Wyeth's Memorandum in Opposition to Plaintiffs' Motion to Remand |
| Womack, Gail M. | A-30 | a.  Notice of Removal<br>b.  Plaintiff's Motion to Remand and Incorporated Memorandum of Law in Support of Motion to Remand<br>c.  Wyeth's Memorandum in Opposition to Plaintiff's Motion to Remand |